Law Library

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM

vs.

DOMINIQUE LAMAR FELDER,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF0081-08

DECISION AND ORDER
(Motion to Dismiss the Indictment Based
on the Government's Failure to Preserve
Evidence)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 23, 2009, for a hearing on Dominique Felder's ("Defendant") Motion to Dismiss the Indictment Based on the Government's Failure to Preserve Evidence. Attorney Clyde Lemons of Alternate Public Defender represented Defendant. Attorney J. Basil O'Mallan appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Decision and Order.

## BACKGROUND

On February 21, 2008, the Grand Jury handed down an indictment to the Defendant. In the indictment, the Grand Jury charged the Defendant with the offense of First Degree Criminal Sexual Conduct in violation of 9 G.C.A.§§ 25.15(a)(1) and (2). The events of the charged offense were to have taken place at the Ypao Hotel, Tumon, Guam. Complaint Declaration (February 13, 2008).

On February 13, 2008, investigator Macalma and Salisbury went to the Ypao Hotel to follow-up on a surveillance videotape ("the Videotape") that was referenced in the criminal complaint filed with the Guam Police Department. The People's Opposition Exhibit 1

The People of Guam vs. Dominique Felder, CF0081-08
Decision and Order – Motion to Dismiss the Indictment

Page 1 of 6

(September 16, 2008). Macalma stated he viewed the Videotape. Id. Macalma stated that the Videotape contained an unknown model SUV and what appeared to be three people exiting the SUV. Id. Macalma also noted that the Videotape was not clear and shady. Id. Macalma also stated that because of the poor lighting it was difficult to identify the individuals. Id. Macalma stated that he requested from the General Manager, Masahi Ono ("Mr. Ono"), a copy of the Videotape, but he instructed Macalma to put the request in writing. Id. As a result, On February 13, 2008, Macalma wrote a letter to Mr. Ono requesting that he preserve all the evidence that may pertain to the case. The People's Opposition Exhibit 3 (September 16, 2008).

On February 15, 2008, Macalma contacted Mr. Ono to follow-up on the Videotape, but Mr. Ono was unable to assist because of other commitments. The People's Opposition Exhibit 1 (September 16, 2008). Macalma left his contact information with Mr. Ono. Id. On February 27, 2008, Mr. Ono contacted Macalma and informed him that he had tried to make a copy of the Videotape, but was unsuccessful. Id. Mr. Ono informed Macalma that he needed the assistance of Pacific Security Alarm. Id.

On March 7 2008, Macalma again made contact to follow-up with Mr. Ono. Id. Mr. Ono stated that Pacific Security Alarm attempted to make a copy of the Videotape, but was unsuccessful because of power fluctuations. Id. Mr. Ono told Macalma that he should follow-up with Pacific Security Alarm – more particularly Mr. Dale. Id.

On March 8, 2008, Macalma contacted Mr. Dale. Mr. Dale informed Macalma that the Videotape could not be located. Id. Mr. Dale indicated to Macalma that he encountered problems, and would need to contact the manufacturer for technical assistance. Id. Mr. Dale stated that he would contact Macalma after he consulted with the manufacturer. Id.

On August 14, 2008, Defendant filed a Motion to Dismiss the Indictment Based on the Government's Failure to Preserve Evidence. In the motion, Defendant argued that the People failed to preserve evidence, the Videotape, and as a result, violated Defendant's Due Process Rights. Defendant Motion to Dismiss Indictment at 1 (August 14, 2008).

On September 16, 2008, the People filed an Opposition to Defendant's Motion to Dismiss. The People argued that the Videotape was never in the possession of the People. The People's Opposition at 2 (September 16, 2008). A letter was written to Mr. Ono to secure the Videotape. Defendant's Opposition Exhibit 1 (September 16, 2008). The People argued that, although the Videotape was lost, efforts were made to secure the Videotape. Id.

On December 2, 2008, the Court was advised that the Defendant intended to file a motion for sanctions. Motion Hearing at 2:24 p.m. (December 2, 2008). The Court advised that the Motion to Dismiss the Indictment be heard on the same day as the motion for sanctions. Id.

On December 30, 2008, the Court was ready to hear Defendant's Motion to Dismiss the Indictment and motion for sanctions. Defendant's attorney, Mr. Lemons, was not present. Instead, Mr. Stephen Hattori, of Alternate Public Defender was present. Mr. Hattori advised the Court that Mr. Lemons was off-island and would be returning January 5, 2009. Motion Hearing at 10:25 a.m. (December 30, 2008). The Court scheduled a further proceeding on January 5, 2009 to determine a date to continue the motion hearing. Id.

On January 5, 2009, the Court held a further proceeding. The Court scheduled a continued motion hearing on January 23, 2009. At the motion hearing, the Court would hear Defendant's Motion to Dismiss the Indictment and Defendant's Motion for Sanctions.

On January 23, 2009, a motion hearing was held. The Court heard arguments from the Defendant and the People pertaining to Defendant's Motion to Dismiss the Indictment and

Defendant's Motion for Sanctions. The Court will address Defendant's Motion for Sanctions in a separate Decision and Order. The Court now addresses Defendant's Motion to Dismiss the Indictment Based on the Government's Failure to Preserve Evidence.

## DISCUSSION

The Defendant asked the Court to Dismiss the Indictment based on the Government's Failure to Preserve Evidence based on Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963). Defendant's Motion to Dismiss Indictment at 2 (August 14, 2008). It is well established under Brady and its progeny that the state violates due process when it suppresses or fails to disclose material exculpatory evidence. See Illinois v. Fisher, 540 U.S. 544, 547, 124 S.Ct. 1200 (2004); Brady, 373 U.S. at 87, 83 S.Ct 1194. But the Supreme Court limited Brady's reach in California v. Trombetta, 467 U.S. 479, 104 S.Ct. 2528 (1984) and Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333 (1988).

In order to prevail on this claim, Defendant must first demonstrate that the Videotape is material. Evidence is material to a defendant's case if it "possess[es] an exculpatory value that was apparent before the evidence was destroyed, and [was] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonable means." Trombetta, 467 U.S. at 488-489, 104 S.Ct. 2528.

The fact that the evidence may have proven exculpatory – it very well may have inculpated Defendant further – does not render it per se "material." In order to meet the definition of materiality, the evidence must have possessed an exculpatory value that was "apparent" before the evidence was "destroyed." Trombetta, 467 U.S. at 488-489, 104 S.Ct. 2528. The deciding factor as to whether evidence is material is determining if the evidence was "apparently exculpatory" or "potentially exculpatory." Youngblood, 488 U.S. at 58 109 S.Ct. 333; see also United States v. Estrada, 453 F.3d 1208, 1212 (9th Cir. 2006) (drawing a

The People of Guam vs. Dominique Felder, CF0081-08
Decision and Order – Motion to Dismiss the Indictment

Page 4 of 6

distinction between "apparently exculpatory" and "potentially exculpatory" evidence). Evidence must have exculpatory value that is apparent before the evidence was destroyed for Brady to apply. Trombetta, 467 U.S. at 489, 104 S.Ct. 2528; see also Youngblood, 488 U.S. at 56, 109 S.Ct. 333. Defendant argued that because the Grand Jury thought the Videotape was important the Court should infer that the Videotape was in fact exculpatory. Defendant's Motion to Dismiss Indictment at 3 (August 14, 2008). The Court disagrees. Nothing in the Grand Jury transcript leads the Court to believe that the Videotape was exculpatory. See Defendant's Motion to Dismiss Indictment Exhibit B (August 14, 2008). The Videotape was "not clear and shady." The People's Opposition Exhibit 1 (September 16, 2008). Furthermore, "the poor lighting and the inability of the surveillance camera to zoom [made] it difficult to identify individuals." Id. Defendant has not presented any evidence that the Videotape was "apparently exculpatory" before it was destroyed. At best, the Videotape was "potentially useful" evidence. The Court does not find that the Videotape contained any exculpatory value prior to its destruction, and therefore, the Videotape is not material under Trombetta and Youngblood.

The People's failure to preserve "potentially useful" evidence does not constitute a due process violation unless the defendant can show bad faith on the part of the police. Youngblood, 488 U.S. at 58 109 S.Ct. 333 ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."); Miller v. Vasquez, 868 F.2d 1116, 1120 (9th Cir. 1989) ("[A] bad faith failure to collect potentially exculpatory evidence would violate the due process clause."). Unless the Defendant can show bad faith on the part of the People, failure to preserve potentially useful evidence does not constitute a denial of due process of law.

The Court determines that Defendant has not shown any bad faith on the part of the People. The Videotape was never in the possession of the People, let alone in the People's possession at the time of its destruction. The People's Opposition at 2 (September 16, 2008). Defendant has not presented evidence that the destruction of the Videotape was done at the direction of the People, or their failure to secure the Videotape was deliberate. On the contrary, the People made several inquiries concerning the retrieval of the Videotape. The People's Opposition Exhibit 1 (September 16, 2008). The People also wrote a letter to request to preserve any and all relevant evidence that pertained to this investigation – which would include the Videotape. The People Opposition Exhibit 3 (September 16, 2008). Two attempts were made to record a copy of the Videotape, the first on February 27, 2008 and the second on March 7, 2008. The People's Opposition Exhibit 1 (September 16, 2008). On March 8, 2008, the People made another inquiry concerning the Videotape, and were informed that the video was inadvertently erased. Id. The Court determines that loss of the Videotape was not a result of any bad faith on the part of the People. Therefore, the Court will deny Defendant's Motion to Dismiss the Indictment Based on the Government's Failure to Preserve Evidence.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss the Indictment Based on the Government's Failure to Preserve Evidence.

**SO ORDERED** this _19_ day of _Feb._, 2009.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagåtña, Guam

FEB 19 2009

James R. Borja

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam